UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HANKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1691-SNLJ |
| ) | |
| CITY OF HAZELWOOD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants City of Hazelwood, Missouri, and Carl Wolf's Motion to Dismiss (#5). Plaintiff has not responded, and the time for doing so has passed.

Plaintiff filed this 42 U.S.C. § 1983 action against the City, the City's police chief Carl Wolf, and police officers Richard Berry, Michael Golden, and Jerry Fitzgerald. Plaintiff alleges that, among other things, police officers Berry, Golden, and Fitzgerald violently assaulted him in the parking lot of the police station and falsely imprisoned him. Plaintiff alleges that the City maliciously prosecuted him and revoked his probation. Plaintiff alleges that the City and Wolf are liable for the actions of defendants Berry, Golden, and Fitzgerald under the theory of respondeat superior. Plaintiff also states that Wolf is "liable in his individual capacity for his own actions." (#6, Cmplt. ¶ 29.) Defendants move to dismiss the claims against the City and Wolf and move to strike paragraph 30 of the complaint, which states that all the defendants "also violated the Due process of the Petitioner while acting under the color of law." (*Id.* ¶ 30.) (#5.)

I.      **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the  nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

II.     **Discussion**

Defendants contend that the claims against the City and defendant Wolf should be dismissed. As to the City, a "'local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a theory of respondeat superior." *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996) (quoting *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). Although the city could be subject to § 1983 liability if it "had a 'policy or custom' of failing to act upon prior similar complaints of unconstitutional conduct, which caused the constitutional injury at issue," plaintiff has not made

2

any such allegations. *See id.* Rather, the City's liability is alleged to be based upon the theory of respondeat superior, which is not cognizable.

As to defendant Wolf, the chief of police, the complaint indicates that he is "liable in his individual capacity for his own actions, and liable in his official capacity for the actions of [the defendant police officers] under he theory of respondeat superior." (Cmplt. ¶ 29.) Claims based on a supervisor's failure to supervise or otherwise control subordinates may only be maintained if the defendant "demonstrated deliberate indifference or tacit authorization of the offensive acts." *Bolin v. Black*, 875 F.2d 1343, 1347 (quoting *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir.1986)); *see also Andrew*, 98 F.3d at 1078. An official exhibits deliberate indifference only if he or she actually knows of a substantial risk and fails to respond to it reasonably. *See Farmer v. Brennan*, 511, U.S. 825, 844-45 (1994). No personal involvement by defendant Wolf has been alleged, and thus the claims against him must be dismissed.

Finally, defendants move to strike paragraph 30, which states:

> 30. The Defendants City of Hazelwood and Defendant Carl Wolf and Officer Richard Berry, Golden, Fitzgerald also violated the Due process of the Petitioner while acting under the color of law.

Defendants argue that plaintiff here pleads only the "label" or "conclusion" that "Due process" of an unspecified character was somehow violated. Defendants provide no other support or argument in favor of striking that paragraph. Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P.* 12(f). Although the district courts are permitted broad discretion with regard to these matters, motions to strike are disfavored and are infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). The Court has already determined that the claims against the City and defendant Wolf must be dismissed. Defendants have not explained why this particular paragraph — although not artfully

3

stated — qualifies as "redundant, immaterial, impertinent, or scandalous." The Court will deny the motion to strike.

Accordingly,

**IT IS HEREBY ORDERED** defendants' Motion to Dismiss and Strike (#5) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants City of Hazelwood and Carl Wolf are **DISMISSED.**

Dated this  27th  day of November, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

.