# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-CV-1691-SNLJ |
| | ) | |
| CITY OF HAZELWOOD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants City of Hazelwood, Missouri, Richard Berry, Michael Golden, Jerry Fitzgerald, and Carl Wolf's Second Motion to Dismiss (#21). This matter has been fully briefed and is now ripe for disposition.

Plaintiff filed this 42 U.S.C. § 1983 action against the City, the City's police chief Carl Wolf, and police officers Richard Berry, Michael Golden, and Jerry Fitzgerald. Plaintiff alleges that, among other things, police officers Berry, Golden, and Fitzgerald violently assaulted him in the parking lot of the police station and falsely imprisoned him. Plaintiff claims defendants Berry, Golden, and Fitzgerald are liable for assault, battery, malicious prosecution, and false imprisonment in both their individual and official capacities.

Plaintiff also claims that the City and Wolf are liable for the actions of defendants Berry, Golden, and Fitzgerald under the theory of respondeat superior. Plaintiff also states that Wolf is further "liable in his individual capacity for his own actions." (#15,

Am. Cmplt. ¶ 29.)    In addition, plaintiff claims that defendants Berry, Golden,

Fitzgerald, and the City are liable for violations of plaintiff's Constitutional rights under

42 U.S.C. §§ 1983 and 1988.

Defendants move to dismiss the state law assault, battery, malicious prosecution,

and false imprisonment claims against the City and Wolf.  Defendants also move to

dismiss the official capacity claims against defendants Berry, Golden, and Fitzgerald.

## I.    Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to

test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally

flawed in their legal premises and designed to fail, thereby sparing litigants the burden of

unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627

(8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  "To survive a

motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . .

. allows the court to draw the reasonable inference that the respondent is liable for the

misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)

(quoting  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court must "accept the

allegations contained in the complaint as true and draw all reasonable inferences in favor

of the  nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.

2005)).  However, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678.

## II.     Discussion

First, defendants contend that the state law claims against the City should be dismissed.   "The liability of a public entity for torts is the exception to the general rule of immunity for tort and it is incumbent upon a plaintiff who seeks to state a claim for relief to specifically allege facts establishing that an exception applies." *Boever v. Special Sch. Dist. of St. Louis Cnty*., 296 S.W.3d 487, 491 (Mo. App. E.D. 2009) (quoting *Best v. Schoemehl*, 652 S.W.2d 740, 743 (Mo. App. E.D. 1983)).  The City's liability is alleged to be based upon the theory of respondeat superior, but plaintiff pleads no facts showing that an exception to sovereign immunity applies.  In his response memorandum, plaintiff states that he has alleged a policy and custom of failing to act upon prior similar complaints of unconstitutional conduct; however, although that would be pertinent to a discussion of liability under 42 U.S.C. § 1983, defendants have moved to dismiss the state law claims against the City — not the Section 1983 claims.  The state law claims against the City are therefor dismissed.

Second, as to the state law claims against the individual defendants in their official capacities, defendants contend that those claims must also be dismissed.  "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." *State ex rel. Cravens v. Nixon*, 234 S.W.3d 442, 449 (Mo. App. W.D. 2007).  Therefore, the state law causes of action against the individual defendants in their official capacities fail for the same reason they fail

against the City.  Plaintiff has failed to plead an exception to the application of sovereign immunity.

Accordingly,

**IT IS HEREBY ORDERED** defendants' Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's state law claims against defendant City of Hazelwood is **DISMISSED.**

**IT IS FINALLY ORDERED** that plaintiff's state law claims against defendants Richard Berry, Michael Golden, Jerry Fitzgerald, and Carl Wolf in their official capacities are **DISMISSED**.

Dated this __13th__ day of March, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

.